(No. 74-CV-87—

ALICE E. REGAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 27, 1975.*

ALICE E. REGAN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred May 17, 1974, on 55th Street near Richmond, Cook County, Chicago, Illinois. Alice E. Regan, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1972, Ch. 70, §71, et. seq.* (hereafter referred to as the "Act".)

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Alice E. Regan, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (Ill.Rev.Stat., 1973, Ch. 38, §12-4).

2. That on May 17, 1974, the claimant was accosted by two youths as she was walking with a friend on 55th Street near Richmond. When claimant resisted, she was thrown to the ground and beaten.

3. That statements taken by police investigators shortly after the crime was committed present no evidence of any wrongful act or substantial provocation by the claimant for the attack upon her by the two youths.

4. Claimant was transported to Holy Cross Hospital by police car. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and her assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for medical expenses.

8. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) Hospital | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 684.08 |
| 2) Medical | . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 351.00 |
| | | $1,035.08 |

9. That, in determing the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

10. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $747.08. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶8, leaves a loss compensable under the Act of $88.00. Hence, the claimant is entitled to an award in the amount of $88.00, i.e.,

| | | |
|---|---|---|
| Net Hospital & Medical | . . . . . . . . . . . . . . . . . . . . . . . . | 288.00 |
| Less $200 deductible | . . . . . . . . . . . . . . . . . . . . . . . . | −200.00 |
| | | $ 88.00 |

IT IS HEREBY ORDERED that the total sum of $88.00 (EIGHTY EIGHT DOLLARS) be awarded Alice E. Regan, an innocent victim of a violent crime.